IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICIA JANKI, § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL CASE NO. H-11-1093 |
| § | |
| AMERICA FIRST INSURANCE § | |
| COMPANY, *et al.*, § | |
|     Defendants. § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Patricia Janki's Motion to Remand [Doc. # 4], to which Defendant American Economy Insurance Company ("American Economy") filed a Response [Doc. # 6] opposing remand. Having considered the full record and applied governing legal authorities, the Court **grants** Plaintiff's Motion to Remand.

## I. BACKGROUND

On September 7, 2010, Plaintiff filed an Original Petition against Defendant America First Insurance Company ("America First") in Texas state court alleging that her home was damaged during Hurricane Ike. Plaintiff asserted claims for violations of the Texas Insurance Code, and alleged that America First breached the duty of good

faith and fair dealing. Plaintiff served America First on October 1, 2010, and America First filed an Original Answer on October 29, 2010.

On February 14, 2011, Plaintiff filed a First Amended Petition, adding American Economy as a Defendant. Plaintiff served American Economy on February 24, 2011. On March 21, 2011, American Economy filed its Answer to Plaintiff's Amended Petition. On March 24, 2011, American Economy filed a Notice of Removal.

On April 15, 2011, Plaintiff filed a timely Motion to Remand, which is now ripe for decision.

## II.     ANALYSIS

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828,

832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

The Federal Rules of Civil Procedure require a notice of removal in a civil case to be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .." 28 U.S.C. § 1446(b). The Fifth Circuit has adopted the first-served rule, as set forth in *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir. 1986), and reaffirmed in *Getty Oil Corp. v. Ins. Co. of North Amer.,* 841 F.2d 1254 (5th Cir. 1988). The first-served rule provides that if the first served defendant fails to file a timely Notice of Removal, subsequently served defendants cannot remove the case. *Brown*, 792 F.2d at 481. The first-served rule applies even where a defendant was added more than thirty days after service on the first defendant. *See Brown*, 792 F.2d at 482.

In this case, America First was served with the Original Petition on October 1, 2010. America First did not remove the case to federal court within thirty days of service. Instead, America First filed an Answer and an Amended Answer, and served discovery requests on Plaintiff. On February 16, 2011, the Texas state court issued a Docket Control Order. American Economy filed its Notice of Removal on

March 24, 2011, significantly more than thirty days after America First was served. Pursuant to the first-served rule, American Economy's removal of this lawsuit was untimely.

American Economy argues that America First is not a proper party to this lawsuit. The record establishes, however, that America First has participated in the lawsuit since filing its Original Answer on October 29, 2010. At no time between being served on October 1, 2010, and the removal of this lawsuit on March 24, 2011, did America First seek dismissal of Plaintiff's lawsuit. As a result, at the time American Economy filed the Notice of Removal on March 24, 2011, America First was an active defendant in the case.

American Economy argues also that it would be inequitable to bar it from removing this lawsuit because it was not named as a defendant until after the thirty-day removal period ended. In support of this argument, American Economy cites an unpublished case from the United States District Court for the Western District of North Carolina. In *Brown*, however, the Fifth Circuit barred removal by a defendant added four years after the first defendant was served. *See Brown*, 792 F.2d at 481-82. As in this case, there was no indication in *Brown* that the plaintiff was aware that the newly-named defendant was actually the proper defendant but delayed suing it until after the thirty-day removal period expired in a bad faith effort to prevent removal.

It appears from the record that both Defendants are subsidiaries of the same insurance company and are both represented by the same attorney. There is nothing to indicate that Plaintiff acted in bad faith such that equitable considerations would preclude application of the first-served rule in this case.

The Court recognizes that the first-served rule can be harsh. It is, however, consistent "with the axiom that the removal statutes are to be strictly construed against removal." *Id.* at 482 (citing *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979)). Consequently, the Court applies the first-served rule in this case and, on that basis, concludes that the Notice of Removal was untimely.

### III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that removal of this case was untimely. As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 4] is **GRANTED**, and this case is remanded to the **55th Judicial District Court of Harris County, Texas**.

The Court will issue a separate Order of Remand.

SIGNED at Houston, Texas, this **20th** day of **May, 2011**.

_____
Nancy F. Atlas
United States District Judge